IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dexter Antonio Sheppard, | ) | C/A No.: 1:10-2424-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Tim Riley and Sgt. Derrick McBryar, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se in forma pauperis, brought this action alleging violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Before the court is Defendants' Motion for Summary Judgment [Entry #48]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, the undersigned submits this Report and Recommendation for the district judge's consideration.

I.      Factual and Procedural Background

Plaintiff alleges Defendant McBryar used excessive force against him in escorting him to his cell after he was found guilty in a disciplinary hearing. Compl. at 3 [Entry #1-2]. According to the complaint, Plaintiff asked McBryar if he could speak to an active lieutenant or officer, but was told that he could not. *Id.* Plaintiff then allegedly offered to be placed in a restraint chair to wait to talk to a higher-ranking officer, which McBryar refused. *Id.* Plaintiff alleges he then turned his body to McBryar "to plea the matter once more," at which time McBryar shoved him with tremendous force causing his face to impact a glass door. *Id.*

Plaintiff alleges McBryar then jerked the lead chain attached to his handcuffs, causing his legs to swing upward. *Id.* Plaintiff alleges he landed on his handcuffs in the middle of his back, causing his "spine to[] pop painfully." Compl. at 4–5 [Entry #1-2]. Plaintiff seeks monetary damages to compensate him for his physical injuries and emotional distress and requests criminal charges be brought against McBryar. *Id.* at 5.

Defendants filed their motion for summary judgment on July 7, 2011. [Entry #48]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #50]. Plaintiff filed a response in opposition to Defendants' motion on October 18, 2011 [Entry #86]. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendants' motion for summary judgment.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in

the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Defendants contend that Plaintiff has not exhausted his administrative remedies. The undersigned agrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement.

Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id.* The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.*

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

Pursuant to SCDC policy, an inmate with a complaint must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Defendants argue, and Plaintiff does not dispute, that Plaintiff filed only a Step 1 grievance related to this incident. Hallman Aff. at ¶¶ 5–6 [Entry #48-6]. Additionally, the Step 1 grievance did not specifically claim a use of excessive force. *Id.* Plaintiff makes no allegation that he filed a Step 2 grievance. *See generally*, Pl.'s Resp. [Entry #86]. Plaintiff's failure to file a Step 2 grievance constitutes a failure to exhaust his administrative remedies. Therefore, pursuant to the dictates of both statute and relevant case law, this action was filed prematurely and is not ripe for review by this court. Therefore, it is recommended that Defendants' motion for summary judgment be granted.

III.   Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #48] be granted. If the district judge accepts this recommendation, all remaining motions in this matter will be rendered moot.[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 4, 2011                                   Shiva V. Hodges
Florence, South Carolina                       United States Magistrate Judge

---

[1] Although Plaintiff has submitted filings stating that he has not been provided with all of his legal paperwork, he has not alleged that he filed a Step 2 grievance. Therefore, because the undersigned's recommendation is based on a failure to exhaust administrative remedies, Plaintiff's access to legal documents or resources would not change the recommendation in this case.