IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Dexter Antonio Sheppard, #312344, ) | C/A NO. 1:10-2424-CMC-SVH |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Warden Tim Riley and Sgt. Derrick ) McBryar, ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* motion to Alter or Amend under Rule 59(e). ECF No. 99 (filed Dec. 12, 2011).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Plaintiff does not seek to reopen the judgment based upon the first two circumstances noted above. Therefore, it appears Plaintiff seeks to reopen the judgment to prevent an alleged manifest injustice.

Plaintiff presents no evidence which leads this court to reconsider its previous ruling. Plaintiff seemingly misconstrues his failure to exhaust available administrative remedies relating

1

2

to Defendant McBryar's alleged use of excessive force with his attempt to appeal and/or exhaust administrative remedies relating to the findings of a disciplinary hearing. The two are unrelated.

Plaintiff's motion to alter or amend is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2011

2